[No. 32303.   Department One.   July 17, 1953.]

PUBLIC UTILITY DISTRICT NO. 1 OF COWLITZ COUNTY *et al.*, *Respondents*, v. NEW AMSTERDAM CASUALTY COMPANY, *Appellant.*[1]

*Skeel, McKelvy, Henke, Evenson & Uhlmann* and *John C. Patterson*, for appellant.

*Melvin C. Rooney* and *James O. Ballou*, for respondents.

[1]Reported in 259 P. (2d) 645.

WEAVER, J.—The question presented is whether, under the facts, plaintiff is entitled to recover a loss, alleged to be compensable under the terms of a burglary-coverage clause of an insurance policy.

The defendant insurance company appeals from a judgment against it.

The insurance company contracted to indemnify the insured for all loss sustained

" . . . [VII.] of merchandise, furniture, fixtures and equipment, occasioned by Burglary which shall mean the felonious abstraction of such property from within the Premises, by any person or persons making felonious entry therein by actual force and violence when the Premises are not open for business, of which there shall be visible marks made upon the exterior of the Premises at the place of such entry by tools, explosives, electricity or chemicals; and for damage (except by fire) to such property in the Premises caused by such Burglary or attempt thereat, and such damage to the Premises provided the Assured is the owner thereof or is liable for such damage."

The policy further provided:

" 'Premises' as used in Insuring Agreement VII means the interior of that portion of the building designated in the Schedule aforesaid which is occupied solely by the Assured in conducting its business  . . . "

The facts are these:  Sometime between the early morning hours of Sunday, August 26, and Monday morning, August 27, 1951, some person or persons unknown made a felonious entry of respondent's premises, by force and violence, and stole 2,540 pounds of copper wire.

The parties concede that there is but one question involved:  Were there visible marks made upon the exterior of the premises at the place of entry by tools, explosives, electricity, or chemicals?

The place of entry was a large window.  It appears from a photograph in evidence that the lower sill of the window on the outside of the building was several feet above the head of a man standing below it.  It was hinged at the bottom and, when open for ventilation, was held at the top by a chain eight or ten inches long.  The chain is in evidence.

It is substantial for the purpose for which it was used. One end of the chain was fixed to a hasp attached to the inside of the movable portion of the window. The other end was attached to a hasp on the side of the window frame.

Apparently this window had been left open from the top, secured by the chain. When the theft was discovered, the chain had been cut by some tool or instrument, and the window was hanging inside the building by its hinges, flat against the wall.

The partial link of the severed chain constitutes a "visible mark", but did it appear "upon the exterior of the premises"?

■ It is not necessary for us to indulge in an abstract discussion of the niceties of distinction between the definitions of "premises," "exterior," and "interior."

The trial judge said in his memorandum opinion:

"It [the window] was open, and the person who entered there reached up with a cutting tool of some type and cut that chain from the outside. Now it is my thought when that chain was exposed to the outside, and visible, to be seen and felt and reached, *it became part of the exterior of the building*, and if such is the rule of law recovery can be had here." (Italics ours.)

The chain, while the window was partially open, barred the entrance of the thief in the same manner as any other portion of the exterior of the premises. While serving this function, it became part of the exterior of the premises.

The judgment is affirmed.

GRADY, C. J., MALLERY, HILL, and OLSON, JJ., concur.